IN THE FEDERAL DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Chester Tischer, and | ) | |
| Jenny Tischer | ) | CIVIL ACTION |
|     Plaintiffs, | ) | |
| | ) | FILE NO. _____ |
| vs. | ) | |
| | ) | |
| New Penn Financial, LLC | ) | |
|  d/b/a/ Shellpoint Mortgage | ) | |
| Servicing | ) | |
|     Defendant. | ) | |

## COMPLAINT

COME NOW Chester Tischer and Jenny Tischer ("Plaintiffs" or the "Tischers") and hereby file this their Complaint against Defendant New Penn Financial, LLC, a limited liability company organized under the laws of the State of Delaware ("Defendant" or "Shellpoint") which does business as "Shellpoint Mortgage Servicing", respectfully showing as follows:

## JURISDICTION AND VENUE

1.

Defendant New Penn Financial, LLC is a limited liability company organized under the laws of the State of Delaware ("Defendant" or "Shellpoint"). Defendant has registered to transact business in the State of Georgia with the Georgia Secretary of State. On Defendant's last annual registration with the Georgia Secretary of State,

it provided as its registered agent: Corporation Service Company, with an address of 40 Technology Pkwy South, #300, Norcross, GA, 30092, which is in Gwinnett County Georgia.  Service may be made upon Defendant through this Registered Agent, or as otherwise permitted by law.

2.

Defendant is subject to the jurisdiction and venue of this Court as it is registered to transact business in the State of Georgia with the Georgia Secretary of State, and as it has transacted business in the State of Georgia generally through continuous and persistent business transactions, deriving substantial revenue from business in the State of Georgia.  Defendant has further transacted business regarding Plaintiffs specifically, by servicing a loan with Plaintiffs who are Georgia residents, which loan is secured by real property located in the State of Georgia, and directing communications to Plaintiffs in the State of Georgia regarding the loan.

3.

Venue is proper in this Court as its jurisdiction encompasses Gwinnett County, Georgia, where Defendant has its registered agent in the State of Georgia.

4.

Jurisdiction is proper based upon 28 U.S.C. § 1332(a) because the parties are completely diverse, and the amount in controversy exceeds $75,000.00.

5.

Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 126 S. Ct. 606, 610 (2005). Plaintiffs are citizens of Georgia because they are domiciled here. Defendant is organized under the laws of Delaware with its principal place of business in South Carolina. Defendant is a subsidiary of Shellpoint Partners, LLC ("Shellpoint Partners") which is organized under the laws of Delaware with its principal place of business in New York. Upon information and belief, no member of Defendant or any of its owners is a citizen of the State of Georgia.

6.

The amount in controversy exceeds $75,000.00 in this case because the value of the injury sought to be prevented by Plaintiffs through declaratory relief, plus attorney's fees, exceeds $75,000.00. See *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1252-53 (5th Cir. 1998) ("The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be

protected or the extent of the injury to be prevented."); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 873-74 (5th Cir. 2002) (holding attorneys' fees are included in the amount-in-controversy calculation); accord *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990).

## FACTUAL ALLEGATIONS

7.

The Tischers entered into a loan to purchase a home in Cobb County Georgia through America's Wholesale Lender on June 17, 2005 in the principal amount of $323,500.000, for a term of thirty years, with interest to accrue at the rate of 5.500 % per annum. (the "Loan").

8.

The Loan was evidenced by a Note of said date, and secured by a Security Deed recorded in Deed Book 14180 Page 2781, Cobb County Georgia Records

9.

The Tischers diligently made payments upon the Loan as required to the prior loan servicer, Bank of America NA.

10.

Bank of America told the Tischers to not make three consecutive mortgage payments (November & December 2009 and January 2010), in an attempt to make the Tischers eligible for a loan modification program.

11.

Bank of America then wrongfully commenced foreclosure proceedings and wrongfully stopped accepting the Tischers' payments in 2013.

12.

The Tischers ended up in litigation with Bank of America regarding the events.  The Tischers filed a Verified Complaint on November 1, 2012 in the Superior Court of Fulton County.  That case was removed on December 3, 2012 to the Federal District Court for the Northern District of Georgia, and styled *Chester Clark Tischer II v. Bank of America Corp. et al.*, Case No 1:12-cv-04185.  The Bank of America litigation was recently resolved, but the issue of the proper loan balance was left open.

13.

Bank of America transferred servicing of the loan to Shellpoint prior to Case No 1:12-cv-04185 being resolved.

14.

Plaintiffs contacted Shellpoint about making payments, but were told that no payments could be accepted because of the then-pending litigation.  Shellpoint refused to accept payments from Plaintiffs.

15.

The Tischers were presented with a "Reinstatement Balance" from Shellpoint and a "Loan History Summary" from Shellpoint.

16.

The "Reinstatement Balance" from Shellpoint and "Loan History Summary" are incorrect for multiple reasons including but not limited to:

i. The ledgers fail to credit the Tischers for payments which they made.

ii. The ledgers include alleged expenses for foreclosure-related activity (including but not limited to attorneys, advertisements, appraisals, inspections, mailings, etc.) which were premised upon repeated, unnecessary and wrongful foreclosure attempts at foreclosure by Bank of America, and which are not owed by the Tischers.

iii. The ledgers include alleged late fees and interested related to payments which were 'missed' because the Tischers were told to miss them, or because Bank of America and Shellpoint refused/returned the

payments. The Tischers tried diligently to make payments, and tendered payments but they were refused and returned.  This tender was the equivalent of performance by the Tischers. See O.C.G.A. § 13-4-24 ("A tender properly made may be equivalent to performance…."). The Tischers were then told that future payments would be refused, and thus additional tender was futile.  See *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 601 (1993) (the law will not require a futile act).  Thus, because the Tischers can be said to have performed, late fees and interest are improper.

17.

The "Reinstatement Balance" from Shellpoint claims that there is currently a principal balance owed of $292,644.74, late charge balance of $91.84, escrow owed of $20,580.71, legal fees of $1,800 owed, and other fees of $1,761.78 owed. Shellpoint seeks $121,018.25 as a reinstatement amount.

18.

The Tischers submit that there should be no reinstatement amount, no back escrow amounts owed, no legal fees owed, no other fees owed, and that the loan's principal and interest balance should be reset to the proper amount, and that they

should be permitted to resume their monthly payment of $1,836.80 (before escrow items) which is where the loan would have been in December of 2012.

19.

Prior to instituting this action, the Tischers' counsel attempted to communicate with Shellpoint to resolve the dispute, presenting a detailed analysis and 90 pages of supporting documentation. Despite multiple attempts at communication by letter and email, the Tischers' counsel received no response at all from Shellpoint. Shellpoint has acted in bad faith in refusing to accept payments, attempting to artificially inflate the loan balance and collect fees and interest upon the payments it refused, and in refusing to communicate with the Tischers' counsel to resolve the dispute short of litigation. Shellpoint has also been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense. Plaintiffs are entitled to an award of expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11 and all other authority.

## Count I: Declaratory Judgment

20.

Plaintiff incorporates and realleges all preceding paragraphs as if fully set forth herein.

21.

A controversy exists between Plaintiffs and Defendant regarding what amounts are owed on the subject loan.

22.

Plaintiffs seek a declaration as to the parties' respective rights and legal relations.

23.

Pursuant to O.C.G.A. § 9-4-3 and all other authority, Plaintiffs petition the Court to enjoin the further transfer of servicing of the loan, pending resolution of this action.  During the pendency of the Bank of America action with Case No 1:12-cv-04185, servicing was transferred to Shellpoint, which prevented prior resolution of the loan balance issue, and has required this subsequent litigation.  In the interest of judicial economy, to maintain the status quo pending adjudication of the questions before the Court, and to prevent a 'shell game' being played, an

injunction is proper so that the Court may efficiently and promptly resolve the parties' right to declaratory relief.

24.

Pursuant to O.C.G.A. § 9-4-9 and all other authority, Plaintiffs petition the Court to tax the costs of this action upon Defendant.

25.

Shellpoint has acted in bad faith, been stubbornly litigious, and caused Plaintiff unnecessary trouble and expense. Plaintiffs are entitled to an award of expenses of litigation, including reasonable attorneys' fees, pursuant to O.C.G.A. § 13-6-11 and all other authority.

26.

All conditions precedent to the relief sought herein have been satisfied, discharged or waived.

WHEREFORE, Plaintiffs pray:

(a) that this Court render judgment in favor of Plaintiffs and against Defendant;

(b) that this Court enter a declaratory judgment regarding the rights and liabilities of the parties to each other, including but not limited to what amounts are owed by Plaintiffs on the subject loan;

(c) that this Court enjoin the further transfer of servicing of the loan pending adjudication of this action;

(d) that this Court tax all costs against Defendant;

(e) that this Court award Plaintiffs their attorneys' fees and litigation expenses; and

(f) that this Court enter such other and further relief as is just and proper under the circumstances.

Respectfully submitted this 13th day of October, 2015

/s/ James R. Fletcher II
W. Anthony Collins Jr.
Georgia Bar No. 141712
James R. Fletcher II
Georgia Bar No. 232541
Smith, Collins & Fletcher P.A.
8565 Dunwoody Place
Building 15, Suite B
Atlanta, GA 30350
Phone: 678-245-6785
Fax: 888-413-3031
Email: Anthony@SCandF.com
Email: Jim@SCandF.com
Attorneys for Plaintiff